# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18 CR 78-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | **(Pre-Trial Subpoenas** |
| DIANE MARY McKINNY, | ) | *Duces Tecum*) |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Application for Subpoenas *Duces Tecum* (Doc. 41) through which Defendant seeks to obtain documents from individuals who will be witnesses for the Government in Defendant's trial which is scheduled for the March 4, 2019 term. The Government does not object to the issuance of the requested subpoenas. Id. at 4-5.

Rule 17(c) of the Rules of Criminal Procedure, which governs the issuance of subpoenas *duces tecum*, states:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17.

The language of this provision "clearly contemplates some intervention by the court before a subpoena duces tecum can be made returnable pre-trial and before parties may be permitted to inspect the subpoenaed documents pre-trial." United States v. Beckford, 964

F. Supp. 1010, 1020 (E.D. Va. 1997). The use of pre-trial subpoenas *duces tecum*, however, is not intended to be a general discovery device but rather a mechanism to assist with the expeditious progress of trial. See Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951) (citing United States v. Maryland & Virginia Milk Producers Ass'n, D.C., 9 F.R.D. 509, 510). The decision to enforce a subpoena *duces tecum* returnable prior to trial is discretionary. See Wright, Federal Practice and Procedure: Criminal 4d § 275 at 260 (4th ed.).

When presented with an application seeking the issuance of a subpoena *duces tecum* returnable prior to trial, a court must assess whether the proposed subpoena clears the hurdles of "(1) relevancy; (2) admissibility; (3) specificity." United States v. Nixon, 418 U.S. 683, 700 (1974). Specifically, the application must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

Id. at 699-700.

Upon review of Defendant's Application (Doc. 41) and the relevant legal authorities, the Court finds that Defendant has satisfied the requirements for issuance of the requested subpoenas *duces tecum*.

**IT IS THEREFORE ORDERED** that Defendant's Application for Subpoenas Duces Tecum (Doc. 41) is **GRANTED** and that subpoenas *duces tecum* be issued to the

following:

1. Sarah Anderson,

2. Chad Cooper,

3. Benjamin Cooper,

4. Micah Cooper,

5. Sean Bryan, and

6. Rachael Bryant

The subpoenas shall direct the witnesses to produce the following:

a. All documents or other communications—including, but not limited to emails, social media, and text messages—reflecting the payment of money or anything of value, in any form, to You from Collins Avenue Entertainment, LLC, Fly Girls, LLC, A & E Television Networks, LLC, or any of their subsidiaries or affiliates and any documents related to such payment between January 1, 2017 and December 1, 2018;

b. Documents sufficient to show any and all compensation You received from Collins Avenue Entertainment, LLC, Fly Girls, LLC, A & E Television Networks, LLC, or any of their subsidiaries or affiliates between January 1, 2017 and December 1, 2018; and

c. Any documents or electronically-stored information—including writings, drawings, graphs, charts, photographs, sound recordings, video recordings, images, and other data or data compilations—memorializing, regarding, or reflecting any communications between You and any representative or employee of Collins Avenue Entertainment, LLC, Fly Girls, LLC, A & E Television Networks, LLC, or any of their subsidiaries or affiliates from January 1, 2017 to December 1, 2018.

The subpoenas shall direct that this information be produced to counsel for the parties no later than **January 16, 2019**.[1]

Signed: December 28, 2018

W. Carleton Metcalf
United States Magistrate Judge

---

[1] As Defendant's Application was made pursuant to Rule 17(c) and did not request relief under Rule 17(b) from the obligation to pay process costs and witness fees or request provision for service of the subpoenas, those topics have not been addressed.