IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CR 78

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| DIANE MARY MCKINNY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter came before the Court on March 20, 2019 for a hearing on "Non-Party Jones Road LLC's Motion to Quash Subpoenas Duces Tecum and Request for Hearing" (Doc. 53) ("Motion to Quash"). Present at the hearing were attorneys Leita Walker, Michael Tadych, and Charles Tobin for the movant, Jones Road LLC ("Jones Road"), Amos Tyndall for Defendant, and Assistant United States Attorney Daniel Bradley for the Government. Defendant was also present. At the conclusion of the hearing, the Court took the matter under advisement. This Order now follows.

I. **Procedural Background**

Defendant was originally charged in a Bill of Indictment (Doc. 1) filed on June 7, 2018.

On December 14, 2018, Defendant filed an Application for Subpoenas *Duces Tecum* (Doc. 41) which the Government did not oppose. Id. 4-5. The Application was allowed by Order entered on January 2, 2019 (Doc. 42).

After repeated unsuccessful attempts by a private process server to serve the subpoenas, Defendant filed an Application for Service of Subpoenas *Duces Tecum* (Doc.

47), which was granted by Sealed Order on February 13, 2019 (Doc. 49).[1]

Jones Road filed the instant Motion to Quash (Doc. 53) on February 22, 2019. It also moved to stay the execution of the subpoenas *duces tecum* (Doc. 59), which motion was allowed on March 4, 2019 (Doc. 63). Defendant filed a memorandum opposing the motion to quash (Doc. 60) on March 1, 2019 to which Jones Road replied (Doc. 68) on March 7, 2019.

The Government has not made filings in this matter relative to the Motion to Quash. However, at the hearing, and upon inquiry by the Court, the Government advised that, although it did not previously oppose the issuance of the subject subpoenas *duces tecum*, in light of the Superseding Bill of Indictment that has now been filed against Defendant (Doc. 65), the Government does not believe the information sought is relevant or admissible under the Nixon analysis, discussed below.

**II. Discussion**

The witnesses named in the subpoenas *duces tecum* have not objected. Instead, the challenge here is lodged by Jones Road, which argues that it has an interest in preventing the disclosure of confidential material sought by Defendant and therefore has standing to request that the issued subpoenas *duces tecum* be quashed. Defendant does not dispute that Jones Road has some standing in this regard, though argues that standing is limited. As other issues are dispositive of the Motion to Quash, the Court does not find it necessary to analyze this issue in further detail.

---

[1] The Court unsealed this Order (Doc. 49) *sua sponte* without objection during the hearing.

Rule 17(c) is not intended to provide a mechanism for pre-trial discovery, but rather to afford counsel "a time and place <u>before</u> trial for the inspection of subpoenaed materials." <u>United States v. Kipp</u>, No. 3:15-CR-244, 2016 WL 7209581, at *1 (W.D.N.C. Dec. 9, 2016) (emphasis in original) (quoting <u>United States v. Richardson</u>, 607 F.3d 357, 368 (4thCir. 2010)). In other words, the use of pre-trial subpoenas *duces tecum* is intended to expedite trial proceedings. <u>See</u> <u>Bowman Dairy Co. v. United States</u>, 341 U.S. 214, 220 (1951) (citing <u>United States v. Maryland & Virginia Milk Producers Ass'n</u>, D.C., 9 F.R.D. 509, 510).

In this case, the amount of documentation encompassed by the subpoenas *duces tecum* was previously unknown. At the hearing, however, counsel for Jones Road estimated that the documents covered by the subpoenas *duces tecum* would total approximately 100 pages in length, for all witnesses. Consequently, the need for pre-trial production of the information is lacking.

Defendant's request for pre-trial production of the information has additional deficiencies.[2] A subpoena may be quashed or modified "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). With regard to a pretrial subpoena that has been issued, at least one court has found that this analysis includes a reconsideration of the standards established by <u>United States v. Nixon</u>, which asks whether the subpoena demonstrates sufficient "(1) relevancy; (2) admissibility; [and] (3)

---

[2] As stated during the hearing, the only issue raised by Jones Road's motion is whether the subpoenas should be quashed. Any evidentiary matters at trial will be addressed in the discretion of the presiding District Judge.

specificity," to warrant pre-trial production. See United States v. Beckford, 964 F. Supp. 1010, 1028 (E.D. Va. 1997) (citing United States v. Nixon, 418 U.S. 683, 700 (1974)).[3]

Having reconsidered whether the subpoenas *duces tecum* meet the Nixon standards, particularly in light of the Superseding Bill of Indictment, the Court finds that Defendant has not made a showing of sufficient relevancy and admissibility to justify pre-trial production of the documents she seeks.

Defendant's argument, in short, is as follows: The witnesses are former members of a religious group and may testify at Defendant's trial. The witnesses have provided negative information about the group to Jones Road and been compensated for that information. Because Defendant is associated with the group, the witnesses must also be biased against Defendant and therefore, Defendant reasons, she should be allowed to obtain information about payments made to the witnesses by Jones Road in order to explore their biases concerning her.

However, the record does not contain, nor has Defendant sought, confirmation that any information provided by the witnesses to Jones Road relate to Defendant's alleged conduct and the specific subject matter of the Superseding Bill of Indictment, as opposed to the religious group itself. Further, it appears that Defendant has received from the Government information the witnesses have provided to the Government.

Accordingly, the pre-trial production of these documents by way of subpoenas

---

[3] Jones Road has challenged the subpoenas under the relevancy and admissibility prongs of the Nixon standard but not on specificity grounds.

*duces tecum* is unwarranted.[4]

**IT IS THEREFORE ORDERED THAT:**

1. The Motion to Quash Subpoenas Duces Tecum and Request for Hearing (Doc. 53) is **GRANTED**; and

2. The subpoenas *duces tecum* previously issued pursuant to this Court's Orders (Docs. 42, 49) are **QUASHED.**

Signed: March 25, 2019

W. Carleton Metcalf
United States Magistrate Judge

---

[4] Jones Road raised additional arguments as to why the subpoenas should be considered unreasonable and oppressive under Rule 17(c)(2), though a discussion of those arguments is unnecessary in light of the Court's ruling regarding the application of the Nixon factors.